UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE PADRON and JOSE ABAD,
on behalf of themselves and those
similarly situated,

    Plaintiffs,

v.                       CASE NO: 8:09-cv-447-T-33TBM

JASON'S HAULING INC., a Florida
Corporation, and JASON FREYRE,
Individually,

    Defendants.
_____/

JULIO SOLIS-COLON and NEILL VITIER,
on their own behalf and others
similarly situated,

    Plaintiffs,

v.                       CASE NO: 8:09-cv-473-T-33EAJ

JASON'S HAULING INC. and
JASON FREYRE,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court pursuant to Plaintiffs' Notice of Acceptance of Defendants' Offer of Judgment (Doc. # 35). Plaintiffs Jose M. Perez-Torres and Jose Penafiel therein notified the Court that they accepted Defendants' respective Offers of Judgment and request that the Court enter judgment against the Defendants and reserve jurisdiction to permit Plaintiffs to move

for their reasonable attorneys' fees and costs.

Pursuant to Lynn's Food Stores, Inc. v. United States Department of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982), judicial review and approval of this Fair Labor Standards Act settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in Lynn:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Id. at 1352-53. Before approving an FLSA settlement, the court must scrutinize the settlement agreement to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the

>       settlement;
>       (2) the complexity, expense, and likely duration of the
>       litigation;
>       (3) the stage of the proceedings and the amount of
>       discovery completed;
>       (4) the probability of plaintiff's success on the merits;
>       (5) the range of possible recovery; and
>       (6) the opinions of counsel.

See Leverso v. South Trust Bank of Ala., 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-1592-Orl-22JGG, 2007 WL 328792, at *2, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Cotton v. Hinton, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1] The district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc., 679 F.2d at 1353.

In order for the Court to determine whether the acceptance of the Offer of Judgment is reasonable, counsel for Plaintiffs must disclose the extent to which Plaintiffs' FLSA claims have or will be compromised by deduction of attorneys' fees, costs or expenses pursuant to a contract between each Plaintiff and his counsel, or otherwise. See Silva v. Miller, No. 08-12011, 2009 WL 73164

---

[1] Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

(11th Cir. Jan. 13, 2009)[2]; see also Bonetti v. Embarq Management Co., No. 6:07-cv-1335-Orl-31GKJ, 2009 WL 2371407, at*4--5 (M.D. Fla. Aug. 4, 2009).

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. Each party was represented by independent counsel who were obligated to vigorously represent their clients. On May 29, 2009, Plaintiffs filed Answers to interrogatories claiming $14,784.00 in overtime wages and liquidated damages for Jose M. Perez-Torres and $18,165.00 in overtime wages and liquidated damages for Jose Penafiel. Doc. # 24 at 5-6. On September 17, 2009, the Plaintiffs filed their Notice of Acceptance of Defendants' Offer of Judgment. Doc. # 35. On December 10, 2009, Plaintiffs' counsel filed a sworn statement setting forth the precise final distribution of funds among Plaintiffs' FLSA compensation, liquidated damages and attorneys' fees. Doc. # 48-2. The parties agreed to reduce Opt-In Plaintiff Jose M. Perez-Torres' claim to judgment for a total sum of $6,679.54, representing $3,339.77 in unpaid overtime wages and $3,339.77 in liquidated damages. The parties agreed to reduce Opt-In Plaintiff Jose Penafiel's claim to judgment for a total sum of

---

[2]Although the mandate has not yet issued in the Silva case, and the unpublished opinion is not binding on the Court, *see* 11th Cir. R. 36-2, the Court finds the opinion to be persuasive authority.

$3,698.83, representing $1,849.42 in unpaid overtime wages and $1,849.42 in liquidated damages. Pursuant to the Offers of Judgment, attorneys' fees and costs will be subsequently determined by the Court, and none of the damages set forth in the Offers of Judgment will be paid to Plaintiffs' counsel pursuant to any fee agreement. In the sworn statement, Mr. Morgan states that the decision to accept the offers on the part of the Plaintiffs was based on several factors including factual disputes related to the number of hours worked (no time records exist), whether Plaintiffs were exempt under the Motor Carrier exemption, and whether the award of liquidated damages was appropriate in this case. Plaintiffs contend that drivers are not covered by the Motor Carrier exemption, but recognize that there is litigation risk in not accepting the offers of judgment. Plaintiffs note that Defendants also presented argument that liquidated damages should not apply. Defendants have agreed to pay liquidated damages, despite their argument to the contrary, in exchange for a reduced amount of overtime recovered by Mr. Penafiel and Mr. Perez-Torres. Additionally, Mr. Penafiel and Mr. Perez-Torres agreed to accept the offers of judgment in order to receive settlement monies quicker and without further litigation.

Upon consideration, this Court finds that Plaintiffs' acceptance of Defendants' offers of judgment is a fair and

reasonable resolution of Plaintiffs' FLSA claims.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to enter judgment for Plaintiff Jose M. Perez-Torres and against Defendants in the following amounts:

    a. $3,339.77 in unpaid overtime wages; and

    b. $3,339.77 in liquidated damages.

(2) The Clerk is directed to enter judgment for Plaintiff Jose Penafiel and against Defendants in the following amounts:

    a. $1,849.42 in unpaid overtime wages; and

    b. $1,849.42 in liquidated damages.

(3) This Court retains jurisdiction for Plaintiffs to move for their reasonable attorneys' fees and costs.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>17th</u> day of December, 2009.

                                          VIRGINIA M. HERNANDEZ COVINGTON
                                          UNITED STATES DISTRICT JUDGE

Copies to All Parties and Counsel of Record