UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE PADRON and JOSE ABAD,
on behalf of themselves and those
similarly situated,

    Plaintiffs,

v.                                                   CASE NO: 8:09-cv-447-T-33TBM

JASON'S HAULING INC., a Florida
Corporation, and JASON FREYRE,
Individually,

    Defendants.
_____/

JULIO SOLIS-COLON and NEILL VITIER,
on their own behalf and others
similarly situated,

    Plaintiffs,

v.                                                    CASE NO: 8:09-cv-473-T-33EAJ

JASON'S HAULING INC. and
JASON FREYRE,

    Defendants.
_____/

**ORDER**

    This cause comes before the Court pursuant to the parties' Consent to Trial by U.S. Magistrate Judge (Doc. # 65).

    The parties filed a Notice of Settlement (Doc. # 63) on May 25, 2010, indicating that "the parties have resolved the matter and will be filing the appropriate settlement documents with the Court." In response, this Court entered an Order directing the

parties to submit a stipulated form of final order or judgment, a request for an extension of time, or a motion to reopen the action within 60 days of the date of the Order (Doc. # 64, filed 6/1/10). The Order further indicated that dismissal shall be deemed with prejudice after the 60 days had expired. Within the 60-day time period, the parties instead filed their consent to trial by Magistrate Judge presumably to circumvent this Court's policy of not allowing settlements in Fair Labor Standards Act[1] cases to be filed under seal. Aptly stated by the Court in Dees v. Hydradry, 8-09-cv-1405-T-23TBM, 2010 U.S. Dist. LEXIS 40900, at * 37 (M.D. Fla. April 19, 2010): "A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights."

Rather than entering the consent to trial by Magistrate Judge, the Court gives the parties the following three options for the resolution of this case:

(1) The Court can review and, potentially, approve the settlement agreement but such agreement will be filed publically, without redaction and will not be a "confidential" settlement;

(2) The parties can try this case during the Court's February

---

[1] 29 U.S.C. § 201, et seq.

    2011 trial term with a pretrial conference on January 13, 2011, at 9:00 a.m.; or

(3) The parties can dismiss this case without further Court intervention upon such terms as the parties agree upon pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

    The parties shall advise the Court, in writing, within 14 days of the date of this Order, of their election between the aforementioned three options.  In the instance that the parties fail to advise the Court of their election in a timely fashion, the Court will set this case for a jury trial during the Court's February 2011 trial term.

    Accordingly, it is hereby

    **ORDERED, ADJUDGED,** and **DECREED:**

    The parties shall advise the Court as to how they would like to proceed, consistent with the foregoing analysis.

    **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of August, 2010.

                                            */s/ Virginia M. Hernandez Covington*
                                          VIRGINIA M. HERNANDEZ COVINGTON
                                          UNITED STATES DISTRICT JUDGE

Copies to All Parties and Counsel of Record